WALTER D. RUSHER, Respondent, v. ANNIE S. WATT and
Others, Appellants.

First Department, March 4, 1921.

**Principal and agent — action for commissions for securing purchaser
for real property who would assume obligations of bond — evidence
does not show that defendants agreed to formation of corporation
to purchase property.**

In an action to recover commissions for securing a purchaser of real estate
owned by the defendants it appeared that they were anxious to secure
a purchaser who would assume the obligation of a bond which was
secured by a mortgage and release them from said liability; that the plain-
tiff found a man who offered to organize a corporation which would buy
the property and assume the obligation of the mortgage, but the mortgagees
refused to release the defendants on their bond. On all the evidence,
*held*, that the defendants did not agree to or accept the arrangement
whereby a corporation was to be formed to purchase said property, and
that the plaintiff is not entitled to his commissions.

DOWLING, J., dissents.

APPEAL by the defendants, Annie S. Watt and others, from
a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York
on the 16th day of April, 1920, upon the verdict of a jury, and
also from an order entered in said clerk's office on the 13th
day of May, 1920, denying defendants' motion to set aside
the verdict and for a new trial made upon the minutes.

*Benjamin R. Buffett*, for the appellants Annie S. Watt and
Thomas L. Watt.

*Frank S. Gannon, Jr.*, of counsel [*Parker K. Deane* with
him on the brief; *Hill, Lockwood & Redfield*, attorneys], for
the appellant Annie W. Keator.

*Brison Howie*, for the respondent.

SMITH, J.:

The defendants were obligors upon a bond which is secured
by mortgage upon property which they held in common as
the heirs of a deceased party. They were worried about their
liability for deficiency upon that bond. One Tuttle, who
was a friend of the family, was to help them to find a purchaser

for the property under such conditions as would relieve them from their obligation upon the bond. Tuttle employed this plaintiff as a broker for the purpose of finding that purchaser. The plaintiff did find a man by the name of Fox who agreed to form a corporation, which would buy the property, pay $10,000 therefor, and assume the mortgage. But the mortgagee refused to release the defendants as obligors upon the bond. Defendants claim they did not come to any final agreement and afterwards the mortgage was foreclosed and the mortgagee bid in the property for the full amount of the mortgage so that the defendants were released from their liability upon the bond. The question is as to whether the parties came to any definite arrangement so as to entitle the plaintiff to his commissions. There is evidence from which it may be found that the plaintiff and the defendant Keator's husband and Thomas Watt, and the husband of one of the other defendants were present at an interview and that they agreed upon the arrangement proposed for the formation of this corporation, the payment of the $10,000, and that this corporation should assume the payment of the bond and mortgage. One Paskus was the attorney for the Watt heirs generally. There was no evidence that he was authorized to act for them except to consult with Tuttle. Paskus wrote to Tuttle to the effect that the heirs had agreed to that arrangement. Upon the stand, however, he swore that he wrote that upon the assurance of Thomas Watt and one of his sisters, who is not an appellant here and who, I understand, was not served, to the effect that they had so agreed. It is claimed, in the first place, that this letter shows that they had agreed upon that settlement. But the trouble is that that letter is not competent evidence of the fact, because hearsay, and the explanation by Paskus of the writing of the letter shows an agreement simply by Watt and his sister, not appearing here, which would not bind either Mrs. Keator, or the mother, who acted for herself as doweress and as guardian for one of the children. Proof, therefore, is not made by the letter of Paskus, nor by his evidence upon the trial. Plaintiff claims further, that an agreement in behalf of Mrs. Keator is shown by the agreement of Keator, the husband of Mrs. Keator, at this conference. But there is no proof shown

of any authority in Keator to make that agreement in behalf of his wife. Mrs. Keator swears and Keator swears that he had no authority to make that agreement and that he was simply authorized to advise his wife as to the terms proposed by the plaintiff. The proof of authority must rest purely upon the fact that Keator expressed assent. This is not proof of the fact of authority to give that assent, especially in view of the fact that he swears definitely he had no authority, and Mrs. Keator swears that as soon as she heard of the proposal she at once telephoned to Paskus that she would not agree to any proposition that would not release her from the bond. Further, the mother, who represented herself and the infant heir, wrote a letter which was excluded from the evidence, refusing to agree to any such arrangement. That letter was not admitted in evidence on the ground that it was not brought to the plaintiff's attention. But as long as the plaintiff has to prove authority it would seem to negative authority in Paskus to make that agreement. Whether it was competent or not, there is no proof of authority on the part of the mother, either in her own behalf or in behalf of the infant, to agree to these terms, and for lack of authority on the part of Mrs. Keator to her husband to make the agreement it has not been shown by legal proof that the agreement was assented to so as to entitle plaintiff to recover his commissions. Possibly proof was made sufficient to bind the defendant Thomas Watt if he agreed to those terms, were it not apparent from the whole case that his agreement was conditioned upon the agreement of the other heirs and that he did not intend to assume liability for all of this commission at any time. Nor is it shown that he represented to any one that he was authorized by the others to make the agreement in their behalf.

The judgment is unsupported by the evidence and with the order appealed from should be reversed, with costs, and complaint dismissed, with costs to appellant.

CLARKE, P. J., PAGE and GREENBAUM, JJ., concur; DOWLING, J., dissents.

Judgment and order reversed, with costs, and complaint dismissed, with costs.